United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMMANUEL ADRIAN AGUILAR RODRIGUEZ,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al*.,

Respondents.

Case No. 1:26-cv-05623 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Emmanuel Adrian Aguilar Rodriguez filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) seeking release from the custody of U.S. Immigration and Customs Enforcement (“ICE”), or alternatively a bond hearing. *See* Dkt. No. 1 at 17. For the reasons that follow, the Court GRANTS the petition in part, and orders that Petitioner be provided a bond hearing within fourteen days.

Based on the parties’ submissions, the Court finds the following facts. Petitioner last entered the United States on July 3, 2019 on a tourist visa with an expiration of January 2, 2020, and has been living in the country since. *Id*. at 5; Dkt. No. 8-1 at 2. He does not allege having involvement with immigration authorities between 2019 to his current detention, though he has had several encounters with law enforcement, including convictions for battery in 2021, for which he served 364 days in state custody, driving under the influence in 2024, and violating his probation in 2025. *See* Dkt. No. 8-3 at 4–8; Dkt. No. 1 at 5–6. He was ordered to served additional time in state custody based on this probation violation. Dkt. No. 1 at 6.

On or around December 12, 2025, ICE encountered Petitioner at the Pinellas County, Florida jail. Dkt. No. 8-1 at 2. He was transferred to ICE custody following his release from county jail on or around January 20, 2026. *See* Dkt. No. 8-2 at 1. That same day, he was served with a Notice to Appear placing him in removal proceedings and charging him as inadmissible under INA § 237(a)(1)(B). *Id.*

Respondents maintain that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which allows the Government to detain non-citizens during the pendency of their removal proceedings. Dkt. No. 8 at 3–4. They further acknowledge that Petitioner is entitled to a bond hearing, upon his request, at any point. *Id.* at 4. Petitioner does not dispute that he was properly detained under § 1226(a) in reply, nor does he maintain that he is entitled to release from custody. *See* Dkt. No. 9 at 2–3. Rather, he contends that he is entitled to a bond hearing at which the Government bears the burden of proof. *Id.*

The Court agrees that Petitioner should be provided a bond hearing pursuant to § 1226(a), and that the Government should construe this petition as a request for one. However, the Court sees no reason to shift the burden of proof to Respondents at this time. The Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022); *see also*, *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal. June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). And Petitioner has not raised an as-applied constitutional challenge to § 1226(a) that would justify shifting of the burden of proof here.

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on

United States District Court
Eastern District of California

Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: October 9, 2026

EDWARD J. DAVILA
United States District Judge